UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| JENNIFER LACHAPELLE and<br>PETER LACHAPELLE | ) <br> ) | Case No.  315-cv-00793 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| NEW PENN FINANCIAL, LLC d/b/a | ) | **JURY DEMANDED** |
| SHELLPOINT MORTGAGE SERVICING, | ) | |
| | ) | |
| Defendant. | ) | |

Now come the Plaintiffs, JENNIFER LACHAPELLE and PETER LACHAPELLE, by and through their attorneys, and for their Complaint against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, Plaintiffs allege and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Connecticut Creditors' Collection Practices Act ("CCCPA"), Conn. Gen. Stat. § 36a-645, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to Plaintiff's pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiffs are individuals who were at all relevant times residing in South Windsor, Connecticut.

5. On information and belief, Defendant is a limited liability company of the State of Delaware, which is not licensed to do business in Connecticut, and which has its principal place of business in Plymouth Meeting, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

6. On January 11, 2010, Plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Connecticut, Case No. 10-20068. On April 6, 2010, an Order of Discharge was entered in Plaintiffs' bankruptcy case.

7. Defendant reported a collection account, number 51538…., on Plaintiff Jennifer LaChapelle's Experian credit report as "$15,387 past due as of Nov 2014" and "180 days past due as of Mar 2014 to Nov 2014". Any debt owing on said account was discharged in Plaintiffs' bankruptcy case.

8. Defendant's tradeline on Plaintiff Jennifer LaChapelle's credit report fails to reflect that the alleged debts had been discharged in Plaintiffs' bankruptcy.

9. This inaccurate tradeline on Plaintiff Jennifer LaChapelle's credit report materially and adversely affected Plaintiff's credit score.

10. During or about July of 2014, Plaintiff Jennifer LaChapelle applied for credit with Credit One Bank and was denied an extension of credit.

11. Plaintiff Jennifer LaChapelle would like to obtain credit without high fees and high interest rates in order to rebuild her credit.

2

12. On or around February 18, 2015, Defendant caused two collection notices to be mailed to Plaintiffs in an attempt to collect the aforementioned alleged debt.

## COUNT I

13. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 above as if reiterated herein.

14. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

15. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

16. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

17. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiffs and violated the FDCPA.

18. As a result of Defendant's actions as outlined above, Plaintiffs have suffered and continues to suffer embarrassment, stress, aggravation, emotional distress and mental anguish.

19. As a result of Defendant's actions as outlined above, Plaintiff Jennifer LaChapelle has been unable to obtain credit.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

21.    Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thoroughly 12 and 14 through 19 above as if reiterated herein.

22.    Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

23.    Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 and 14 through 19 above as if reiterated herein.

24.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

      a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

25.    Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 and 14 through 19 above as if reiterated herein.

26.    Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

27. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 and 14 through 19 above as if reiterated herein.

28. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

29. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 and 14 through 19 above as if reiterated herein.

30. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

      a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

31. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12 and 14 through 19 above as if reiterated herein.

32. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

33. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 thorough 12.

34. Plaintiffs are "consumer debtors" as defined in Conn. Gen. Stat. § 36a-645(1), as they are natural persons residing in Connecticut who allegedly owe a debt to a creditor.

35. At all relevant times, Defendant acted as a "creditor" within the meaning of Conn. Gen. Stat. § 36a-645(2), in that it held itself out to be a person to whom a debt was allegedly owed by Plaintiffs – and such debt resulted from a transaction occurring in the ordinary course of such Defendant's business – and/or a person to whom such debt was assigned..

36. The aforementioned alleged debt is a "debt" within the meaning of Conn. Gen. Stat. § 36a-645(3), in that it is an alleged obligation arising out of a transaction in which the money, property, goods and/or services which are the subject of the transaction were for personal, family and/or household purposes.

37. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiffs and violated the CCCPA.

38. As a result of Defendant's actions as outlined above, Plaintiffs have suffered and continue to suffer embarrassment, stress, aggravation, emotional distress and mental anguish.

39. As a result of Defendant's actions as outlined above, Plaintiff Jennifer LaChapelle has been unable to obtain credit.

40. Defendant violated Conn. Gen. Stat. § 36a-646 by using abusive, harassing, fraudulent, deceptive and/or misleading representations, devices and/or practices to attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the CCCPA, pursuant to Conn. Gen. Stat. § 36a-648(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the CCCPA, pursuant to Conn. Gen. Stat. § 36a-648(a)(2);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to Conn. Gen. Stat. § 36a-648(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

                                      RESPECTFULLY SUBMITTED,

                                      JENNIFER LACHAPELLE and
                                      PETER LACHAPELLE

                                  By:    /s/ Gregory F. Arcaro
                                              Attorney for Plaintiff

Gregory F. Arcaro
Federal Bar No. 19781
Upright Law LLC
10 Melrose Drive
Farmington, CT 06032
Phone: (860) 986-6660
garcaro@grafsteinlaw.com